**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JERRY FRED HAMILTON, | No. CIV S-09-1411-MCE-CMK-P |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| LYDIA HENSE, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is petitioner's petition for a writ of habeas corpus (Doc. 1). Also before the court is petitioner's motion for an order to stay and hold these proceedings in abeyance (Doc. 2) pending exhaustion of his claims in state court.

Rule 4 of the Federal Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." In the instant case, it is plain that petitioner is not entitled to federal habeas relief. In particular, the exhaustion of available state remedies is required before claims can be presented to the federal court in a habeas corpus case. See Rose v. Lundy, 455 U.S. 509 (1982); see also Kelly v. Small,

315 F.3d 1063, 1066 (9th Cir. 2003); Hunt v. Pliler, 336 F.3d 839 (9th Cir. 2003).  A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court.  See Picard v. Connor, 404 U.S. 270, 276 (1971), Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1986).

In this case, petitioner concedes that he has not exhausted state court remedies as to any of his claims.  He was convicted and sentenced on July 6, 2006, of various drug crimes.  He states that his direct appeal was denied by the California Court of Appeal on October 18, 2007, and that the California Supreme Court denied direct review on January 2, 2008.  The United States Supreme Court denied certiorari on April 21, 2008.  According to petitioner, he filed a state post-conviction action in the Sacramento County Superior Court on March 9, 2009, and the court denied relief on April 28, 2009.[1]  Petitioner states that his second post-conviction action is still pending.  The instant federal petition was filed on May 18, 2009.

In some cases, the district court may permit the filing of a federal habeas petition even though the claims have not yet been exhausted.  See Pace v. DiGuglielmo, 135 S.Ct. 1807, 1813 (2005); Bonner v. Carey, 425 F.3d 1145, 1149 n.20. (9th Cir. 1005).  In Pace and Bonner, petitions were pending in the state court at the time of the protective filings which, if denied by the state court as untimely, could have resulted in statute of limitations problems absent the protective filings.  The petitioner in Bonner lost more than 270 days of the 365-day limitations period because of the state court's long delay in ruling that his petition was untimely.  See Bonner, 425 F.3d at 1149.  Because Bonner's state petition was untimely, it could not have been considered "properly filed" for purposes of statutory tolling of the limitations period.  See id. at 1148-49 (citing Pace, 125 S.Ct. at 1811).  In Pace, the Supreme Court states that "[a] prisoner . . . might avoid this predicament . . . by filing a 'protective' petition in federal court and asking the

---

[1] Petitioner does not state the filing date of the Sacramento County Superior Court post-conviction action in his federal petition, but he attaches a file-stamped copy of the state petition.

federal court to stay and abey the federal habeas proceeding until state remedies are exhausted." Pace, 125 S.Ct. at 1813. "Good cause" for a stay-and-abeyance order could be established by the petitioner's reasonable confusion as to whether his state court petition would ultimately be considered untimely. See Bonner, 425 F.3d at 1149 n.20.

By seeking a stay-and-abeyance order, it may be that petitioner is attempting to invoke the "protective filing" procedure contemplated in Pace. As discussed above, this procedure is sometimes appropriate where excessive state court delay could result in the federal petition being untimely and good cause for a stay is shown by the petitioner's reasonable confusion as to whether the state court will deny relief because a post-conviction action is untimely. This situation is not present in this case. The court notes that petitioner waited nearly one year after certiorari was denied in April 2008 before filing his first post-conviction action in March 2009. Thus, any statute of limitations problems petitioner may have is of his own doing and not the result of any delay in the state courts. In fact, there appears to be no state court delay whatsoever given that the Sacramento County Superior Court resolved petitioner's first post-conviction action in a little more than one month.[2]

Further, the court finds that petitioner cannot show good cause for a stay-and-abeyance order because he could not have any reasonable confusion as to the timeliness of the post-conviction action currently pending in the California Court of Appeal. Specifically, he states that the Sacramento County Superior Court denied relief on April 28, 2009. While he does not say when he filed his second post-conviction action in the Court of Appeal, he does say that the action was pending in the Court of Appeal as of the date he filed the instant federal petition on May 18, 2009. Thus, he must have filed the Court of Appeal action sometime between April 28, 2009, and May 18, 2009 – a period less than 30 days. Thus, petitioner could not reasonably believe that the Court of Appeal would deny relief on timeliness grounds.

---

[2] Petitioner does not provide a copy of the Sacramento County Superior Court's decision or otherwise indicate the basis for the denial.

Based on the foregoing, the undersigned recommends that:

    1.    Petitioner's motion for a stay-and-abeyance order (Doc. 2) be denied; and

    2.    Petitioner's petition for a writ of habeas corpus (Doc. 1) be summarily dismissed, without prejudice, for failure to exhaust state court remedies.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 20 days after being served with these findings and recommendations, any party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 25, 2009

                                                  /s/ Craig M. Kellison  
                                                **CRAIG M. KELLISON**  
                                                UNITED STATES MAGISTRATE JUDGE