IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY FRED HAMILTON, | No. CIV S-09-1411-MCE-CMK-P |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| LYDIA HENSE, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court are petitioner's petition for a writ of habeas corpus (Doc. 1) and motion for a stay-and-abeyance order (Doc. 2).

Rule 4 of the Federal Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  In the instant case, it is plain that petitioner is not entitled to federal habeas relief.  In particular, habeas relief is not available because the petition is untimely.  Federal habeas corpus petitions must be filed within one year from the later of: (1) the date the state court judgment became final; (2) the date on which an impediment to filing created by state action is removed; (3) the date on which a

1

constitutional right is newly-recognized and made retroactive on collateral review; or (4) the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2244(d). Typically, the statute of limitations will begin to run when the state court judgment becomes final by the conclusion of direct review or expiration of the time to seek direct review. See 28 U.S.C. § 2244(d)(1).

Upon review of the instant petition, it is obvious that it is untimely.[1] In this case, petitioner states that he was convicted and sentenced on July 6, 2006, of various drug crimes. He states that his direct appeal was denied by the California Court of Appeal on October 18, 2007, and that the California Supreme Court denied direct review on January 2, 2008. The United States Supreme Court denied certiorari on April 21, 2008. Thus, the one-year limitations period began to run the following day on April 22, 2008. See Wixam v. Washington, 264 F.3d 894, 897 (9th Cir. 2001).

The limitations period is tolled, however, for the time a properly filed application for post-conviction relief is pending in the state court. See 28 U.S.C. § 2244(d)(2). To be "properly filed," the application must be authorized by, and in compliance with, state law. See Artuz v. Bennett, 531 U.S. 4 (2000); see also Allen v. Siebert, 128 S.Ct. 2 (2007); Pace v. DiGuglielmo, 544 U.S. 408 (2005) (holding that, regardless of whether there are exceptions to a state's timeliness bar, time limits for filing a state post-conviction petition are filing conditions and the failure to comply with those time limits precludes a finding that the state petition is properly filed). A state court application for post-conviction relief is "pending" during all the

---

[1] Upon initially reviewing the petition and petitioner's stay-and-abeyance motion, the court concluded that petitioner's petition presented only unexhausted claims and that petitioner had not shown good cause for a protective filing pending exhaustion in state court. Thus, the court issued findings and recommendations on June 25, 2009, that the petition be summarily dismissed as unexhausted. In his objections to the findings and recommendations, petitioner correctly notes that the instant federal petition is mixed in that it contains both exhausted and unexhausted claims. He has also attached documents to his objections which provide additional information regarding the timeliness of the instant petition. Given that the court now concludes that the instant petition is untimely, the June 25, 2009, findings and recommendations are vacated by separate order issued herewith.

1  time the petitioner is attempting, through proper use of state court procedures, to present his
2  claims.  See Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).  It is not, however, considered
3  "pending" after the state post-conviction process is concluded.  See Lawrence v. Florida, 549
4  U.S. 327 (2007) (holding that federal habeas petition not tolled for time during which certiorari
5  petition to the Supreme Court was pending).  Where the petitioner unreasonably delays between
6  state court applications, however, there is no tolling for that period of time.  See Carey v. Saffold,
7  536 U.S. 214 (2002).  If the state court does not explicitly deny a post-conviction application as
8  untimely, the federal court must independently determine whether there was undue delay.  See id.
9  at 226-27.

   According to petitioner, he filed his first state post-conviction action in the
Sacramento County Superior Court on March 9, 2009, and the court denied relief on April 28,
2009.[2]  As revealed by documents attached to petitioner's objections to the court's June 25, 2009,
findings and recommendations, the Sacramento County Superior Court denied the petition as
untimely.  Because petitioner's first state court post-conviction action was not timely, it cannot
be considered "properly filed" for purposes of statutory tolling.  Petitioner states that his second
post-conviction action was filed in the California Court of Appeal on June 24, 2009 – after the
instant federal petition was filed on May 18, 2009.

   As stated above, the limitations period began to run for all of petitioner's claims –
whether exhausted or unexhausted – on April 22, 2008.  There is no statutory tolling for the time
the first state court post-conviction action was pending in the Sacramento County Superior Court
because it was untimely and, thus, not properly filed.  The limitations period ended on April 22,
2009.  Because the instant petition was filed on May 19, 2009 – almost one month late – it is

---

[2]  The March 9, 2009, filing date is based on the file-stamped copy of the cover page of the first post-conviction action which is attached to petitioner's federal petition.  In his objections to the June 25, 2009, findings and recommendations, petitioner appears to suggest that he filed the petition on February 28, 2009, but does not offer any evidence, such as a proof of service, to support this contention.  In any event, this discrepancy makes no difference in the court's analysis herein.

untimely absent equitable tolling.

As to equitable tolling, petitioner argues that mental incompetence prevented him from filing his first state court post-conviction action any sooner than he did. In support of this argument petitioner attaches medical records dated December 13, 2006, January 16, 2007, and January 21, 2007, indicating that plaintiff has attention deficit hyperactivity disorder with bi-polar symptoms and a global assessment of functioning score of 60 on a 100-point scale. Additional documents indicate that petitioner was taking Prozak and/or Depakote in 2007. These documents do not, however, relate to petitioner's ability to file a post-conviction action after his conviction became final in April 2008. One final medical document indicates that petitioner was taking Prozak in September 2008. This, however, does not in and of itself indicate that petitioner was mentally unable to present a timely post-conviction petition after April 2008.

Moreover, petitioner attaches letters from the Central California Appellate Program, the Northern California Innocence Project, the Boalt Hall School of Law, and his court-appointed appellate attorney all responding to letters petitioner sent these particular agencies and individuals during 2007, 2008, and 2009. Petitioner's ability to send coherent meaningful letters belies his contention that incompetence prevented timely filing of his first post-conviction action. Further, petitioner attached a State Bar of California complaint form relating to his trial counsel which he completed and filed on his own in July 2008. Again, this does not suggest a level of incompetence which would have prevented the timely filing of the first post-conviction action in state court.

Based on the documents provided by petitioner with his federal petition and objections to the June 25, 2009, findings and recommendations, the court concludes that the instant petition is untimely and should be summarily dismissed for this reason.

/ / /

/ / /

/ / /

1       Based on the foregoing, the undersigned recommends that petitioner's petition for a writ of habeas corpus (Doc. 1) be summarily dismissed as untimely and that petitioner's motion for a stay-and-abeyance order (Doc. 2) be denied as moot.

      These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  August 31, 2009

                                          **CRAIG M. KELLISON**
                                          UNITED STATES MAGISTRATE JUDGE